IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YUSEF REYNOLDS, | : |
| Movant/Defendant, | : |
| v. | : Crim. Act. No. 12-12-RGA |
| | : Civ. Act. No. 13-2023-RGA |
| UNITED STATES OF AMERICA, | : |
| Respondent/Plaintiff. | : |

## MEMORANDUM OPINION

Yusef Reynolds. *Pro se* Movant.

Edward McAndrew, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

December ___, 2014

![signature](Andrews signature)

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Movant Yusef Reynold's ("Movant") *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (D.I. 35) The Government filed an Answer in Opposition and a Supplemental Answer in Opposition. (D.I. 40; D.I. 43) For the reasons that follow, Movant's § 2255 Motion is denied.

## I.   BACKGROUND

On February 16, 2012, a federal grand jury returned a five count indictment charging Movant with: (1) child sex trafficking, in violation of 18 U.S.C. § 1591(a); (2) transportation of a minor with intent to engage in prostitution, in violation of 18 U.S.C. § 2423(a); (3) production of child pornography, in violation of 18 U.S.C. § 2251(a); (4) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); and (5) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). On July 18, 2012, Movant pled guilty to Count 1 of the Indictment, charging him with child sex trafficking, and a single-count criminal Information, charging him with unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g). (D.I. 22) The Court sentenced Movant to a mandatory minimum term of 120 months of incarceration on the child sex trafficking conviction, along with a concurrent 120 month term on the firearm possession conviction. The Court also sentenced Movant to a mandatory minimum term of five years of supervised release. (D.I. 31)

## II.   DISCUSSION

Movant's timely filed § 2255 Motion asserts the following three ineffective assistance of counsel claims: (1) counsel failed to file a direct appeal; (2) counsel failed to object to unspecified statements the Government made during the sentencing hearing that adversely

impacted his sentence; and (3) counsel failed to "thoroughly" research his case, which also adversely impacted his sentence.

Paragraph 9 of Movant's Plea Agreement contains the following express waiver of Movant's right to file a direct appeal and/or a collateral attack on his conviction and sentence:

> The defendant knows that he has, and voluntarily and expressly agrees to waive, the right to file any appeal, any collateral attack, or any other writ or motion in this criminal case after sentencing- including but not limited to, an appeal under Title 18, United States Code, Section 3742 or Title 28, United States Code Section 1291 or a motion under Title 28, United States Code Section 2255- **except that the defendant reserves his right to appeal based on the following grounds**: (1) the government appeals from the sentence; (2) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; (3) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines; or (4) **the defendant's counsel was constitutionally ineffective.**

(D.I. 22)(emphasis added) Because this appellate/collateral review waiver expressly exempts ineffective assistance of counsel claims, the Court can consider all three ineffective assistance of counsel allegations presented in the instant § 2255 Motion. *See United States v. Phillips*, 396 F. App'x 831, 835 n.4 (3d Cir. 2010)(noting that the appellant could pursue his ineffective assistance of counsel claim in a collateral proceeding because the relevant appellate waiver expressly exempted ineffective assistance claims).

Ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second ("prejudice") prong of the *Strickland* standard, Movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding

would have been different. *Id.* at 694; *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994). In the context of this Motion, Movant will only be able to satisfy *Strickland*'s prejudice prong by demonstrating a reasonable probability that, but for defense counsel's alleged errors, he would have received a sentence lower than the mandatory minimum 120 month sentence that was imposed.

Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Strickland*, 466 U.S. at 689.

### A. Claim One: Counsel Failed to File a Direct Appeal

In his first claim, Movant contends that counsel was ineffective for failing to comply with his request to file a direct appeal because the "court of appeals could have ruled in [his] favor." (D.I. 35 at 4) For the sake of argument, the Court assumes that Movant made such a request of his counsel, although, of course, the record does not reflect what Movant's counsel would say about this claim.

The Court acknowledges that prejudice is presumed, and the *Strickland* standard is satisfied, if defense counsel fails to file a direct appeal upon his client's specific request to do so and the case does not involve an appellate/collateral waiver. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). The Court also acknowledges that the majority of the Courts of Appeals presume prejudice when defense counsel has failed to follow his client's request to file a direct appeal and the case involves an appellate/collateral review waiver. *See United States v. Mabry*, 536 F.3d 231, 239-241 (3d Cir. 2008). The Third Circuit, however, has rejected the majority approach and has held that prejudice should not be presumed "where there is a total appellate [] waiver" such that "the attorney's filing of an appeal would constitute a violation of the plea agreement." *Id.* at

3

240-41. Instead, courts in the Third Circuit must "consider the validity of the [appellate/]collateral waiver as a threshold issue" and determine if the defendant's waiver of his appellate/collateral review rights is enforceable. *Id.* at 242. If the waiver is enforceable, and enforcing it will not result in a miscarriage of justice, then defense counsel's failure to file a direct appeal is not presumptively prejudicial under *Strickland*. *See id.*

### 1. Validity of the Appellate/Collateral Waiver

As a general rule, a defendant's waiver of his appellate/collateral review rights is enforceable if it is "entered knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." *Mabry*, 536 F.3d at 236-37. When evaluating the validity of an appellate/collateral waiver, a court must consider: (1) whether the waiver was knowing and voluntary; (2) the scope of the waiver and whether it bars appellate/collateral review of the issue asserted by defendant; and (3) whether enforcement of the waiver would cause a miscarriage of justice. *See United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

#### a. Knowing and voluntary nature

A defendant's waiver of the right to appellate/collateral review is knowing and voluntary if "the district court inform[ed] the defendant of, and determine[d] that the defendant under[stood] . . . the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence as Federal Rule of Criminal Procedure 11(b)(1)(N) requires." *Mabry*, 536 F.3d at 239. The transcript of the plea hearing in this case reflects that the Court explained the specific terms of the Plea Agreement and that the Court questioned Movant to confirm that he understood the meaning of the provisions. (D.I. 41 at 8-15) The Court determined that Movant was competent, and that he had a full opportunity to discuss the agreement with counsel and make an informed decision. (D.I. 41 at 5-8) The Court also

4

reviewed the waiver paragraph with Movant in detail, and explained the rights Movant was relinquishing in exchange for the deal with the Government. (D.I. 41 at 17-20) Finally, Movant does not allege that his waiver of the right to appeal his conviction and sentence was not knowingly and voluntarily made, that counsel induced Movant to plead guilty, or that Movant's acceptance of the plea offer was due to counsel's ineffective assistance. For all of these reasons, the Court concludes that Movant's waiver of his appellate rights in exchange for certain promises from the Government was knowing and voluntary.

### b. Scope of the waiver

The next question is whether counsel's failure to file a direct appeal presenting an unidentified challenge to his 120 month sentence falls within one of the three exceptions to the waiver. The answer is "no." According to the appellate/collateral review waiver in the Plea Agreement, Movant could only file a direct appeal if: (1) the Government appealed the sentence; (2) Movant's sentence exceeded the statutory maximum for the offense; or (3) the sentence unreasonably exceeded the Sentencing Guidelines range determined by the Court. Here, not only did the Government fail to appeal the sentence, but Movant also does not allege that counsel should have filed a direct appeal to challenge his sentence on the ground that the sentence exceeds the statutory limits or unreasonably exceeds the Sentencing Guideline range determined by the court in applying the Sentencing Guidelines. Hence, Movant's argument concerning counsel's failure to follow his request to file a direct appeal cannot prevent the enforcement of the waiver.

### b. Miscarriage of justice

Finally, the Court must determine if enforcing the waiver will result in a miscarriage of justice. Although the Third Circuit has refrained from identifying a specific list of circumstances

5

that must be considered before invalidating a waiver for creating a miscarriage of justice, the Third Circuit has advised that a reviewing court must apply a common sense approach and evaluate "'the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which the defendant acquiesced in the result.'" *Mabry,* 536 F.3d at 242-43 (quoting a First Circuit case).

In this case, Movant does not allege that defense counsel performed deficiently with respect to the Plea Agreement or waiver. *See United States v. Shedrick,* 493 F.3d 292, 298 (3d Cir. 2007)(holding that a miscarriage of justice may result by enforcing an appellate/collateral waiver where there has been ineffective assistance of counsel in connection with the negotiation of the waiver). Movant's § 2255 Motion also does not contend that there were any defects in the waiver provision or that he did not understand the Plea Agreement. In fact, as previously explained, the record clearly reflects that Movant entered into the Plea Agreement knowingly and voluntarily. Finally, because Movant was sentenced to the mandatory minimum, his sentence did not exceed the potential statutory maximum sentence and did not unreasonably exceed the applicable Sentencing Guidelines range. Based on this record, the Court concludes that enforcing the waiver will not result in a miscarriage of justice. Therefore, the appellate waiver contained in the Plea Agreement is valid and enforceable.

### 2. Counsel's Failure to File an Appeal

Having determined that the appellate waiver is enforceable, counsel's failure to file a direct appeal will amount to constitutionally ineffective assistance only if counsel failed to raise on appeal any non-frivolous grounds that were exempted from the appellate waiver provision. *See Mabry*, 536 F.3d at 241-43. There are no such grounds in this case. Once again, the Court

6

notes that the Government did not appeal the Court's sentence and, because Movant was sentenced to the mandatory minimum sentence, there is no basis for arguing that Movant's sentence exceeds the statutory maximum or that it unreasonably exceeds the Sentencing Guidelines range. In addition, filing an appeal where an appellate waiver clearly applies may actually constitute a breach of the parties' plea agreement, thereby relieving the government of its obligations and potentially costing the defendant the benefit of the plea bargain. *See United States v. Erwin*, 765 F.3d 219, 230-31 (3d Cir. 2014); *Mabry*, 536 F.3d at 240-41. Here, if Movant had proceeded to trial, he would have been subject to a substantially greater "mandatory minimum" sentence than the ten year mandatory minimum sentence he received as a result of entering the Plea Agreement. Thus, he derived a real benefit from the Plea Agreement. Given these circumstances, Movant cannot demonstrate a reasonable probability that he would have received a lower sentence but for counsel's failure to file a direct appeal. Accordingly, the Court will deny Claim One as meritless. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)(an attorney's failure to raise meritless arguments does not constitute ineffective assistance).

## B. Claim Two: Counsel Performed Ineffectively at Sentencing

In Claim Two, Movant contends that counsel's failure to object to unidentified statements made by the Government during the sentencing hearing amounted to ineffective assistance because they negatively impacted his sentence. However, because Movant's 120 month sentence is the statutory mandatory minimum and represents the lowest possible sentence, Movant cannot demonstrate a reasonable probability that the outcome of his sentencing hearing would have been different but for counsel's failure to object to the Government's statements. *Cf. Reid v. United States,* 871 F. Supp. 2d 324, 339 (D. Del. 2012)(defense counsel's failure to object to the PSR

did not amount to ineffective assistance where the movant was sentenced to the mandatory minimum). Indeed, the best criminal defense attorney in the United States, on his or her best day, could not have gotten Movant a lower sentence at sentencing than did Movant's counsel. Therefore, the Court will deny Claim Two as meritless.

### C. Claim Three: Counsel Did Not Thoroughly Research Movant's Case

In his final claim, Movant asserts that he would not have been sentenced to 120 months of incarceration if counsel had researched his case more thoroughly. Movant, however, does not identify any legal research that would have resulted in a sentence lower than the mandatory minimum 120 month sentence that was imposed. Nor does Movant allege anything that would have altered the balance that led to the Plea Agreement to which the parties agreed. As a result, the Court will deny Claim Three as meritless, because Movant's vague and unsupported allegation does not satisfy either prong of the *Strickland* standard.

### III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes an evidentiary hearing is not warranted.

### IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability

8

is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 Motion after determining that his ineffective assistance of counsel claims lack merit. The Court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.